# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs July 9, 2013

## STATE OF TENNESSEE v. PERRY NEAL BARHAM

**Appeal from the Circuit Court for Chester County**
**No. 11-CR-51    Donald Allen, Judge**

---

**No. W2012-02412-CCA-R3-CD  - Filed September 30, 2013**

---

Appellant, Perry Neal Barham, was indicted by the Chester County Grand Jury for one count of rape of a child and one count of aggravated sexual battery.  The State subsequently dropped the rape charge.  Appellant was convicted by a jury of aggravated sexual battery and sentenced by the trial court as a Range II offender to twenty years with a 100 percent release eligibility.  On appeal, Appellant argues that the trial court erred in denying his motion to allow the presentation of evidence of the victim's prior sexual history under Rule 412 of the Tennessee Rules of Evidence, that the evidence was insufficient to support his conviction, and that the trial court erred in sentencing him to the maximum sentence in the range.  We have reviewed the record on appeal and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

G. W. Sherrod, III, Henderson, Tennessee, for the appellant, Perry Neal Barham.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General, and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

In December 2010, Y.C.[1], the victim, was living with her great-grandmother. The day after Christmas in 2010, the victim was visiting her mother, S.C., and sister, C.B. Y.C. was ten years old on the day in question. C.B.'s father, Appellant, was also visiting. S.C. and Appellant were not dating, but he had come to visit his daughter. S.C. stated that Appellant was angry with her for not resuming their relationship. The day in question, S.C. was taking online college courses in another room while Appellant was in the playroom. S.C. stated that Y.C. and C.B. were running between the two rooms.

Y.C. stated that she was in the playroom with Appellant and S.C. and C.B. were in another room. Appellant pulled down Y.C.'s pants and began to rub his penis against her vagina. Y.C. stated that Appellant did not insert his penis in her vagina. Y.C. stated that "white stuff" came out of his penis and went onto the chair. Y.C. stated that she did not tell her mother because she was scared. Appellant told Y.C. that he would kill her and her mother if she told anyone. Y.C. told her great-grandmother in January 2011 what had happened.

Investigator Jason Crouse, with the Chester County Sheriff's Department, stated that he investigated the allegation against Appellant. He became involved with the case on January 20, 2011, when Y.C.'s great grandmother reported the incident. Investigator Crouse proceeded to the trailer home inhabited by Y.C.'s mother. He found the chair to which Y.C. referred, but Investigator Crouse reported that the chair was covered with stains. He stated that he took the chair into evidence, but he did not have it tested for DNA because of its condition.

In November 2011, the Chester County Grand Jury indicted Appellant for one count of rape of a child and one count of aggravated sexual battery. On July 3, 2012, Appellant filed a "Motion to Offer Evidence of Sexual Behavior of Alleged Victim." He relied upon Rule 412 of the Tennessee Rules of Evidence to introduce evidence to impeach the victim's testimony and explain the victim's knowledge of sexual matters. The trial court held a hearing on the motion on July 10, 2012. There was no testimony presented at the hearing. Appellant presented information that subsequent to her accusation against Appellan,t the victim had accused another person of sexually abusing her in a separate incident. Appellant

---

[1] It is the policy of this Court to refer to minor victims by their initials. We have chosen to also refer to other family members by their initials to protect the victim's anonymity.

sought to introduce this fact under Rule 412. At the conclusion of the hearing on the motion, the trial court stated that based upon what had been presented at the hearing, the trial court was not inclined to grant the motion. The trial court stated that if the victim testified to something that raised the issue of sexual knowledge, the trial court would revisit the issue.

A jury trial was held on July 17, 2012. The Appellant did not raise the Rule 412 issue during the victim's testimony at the trial. The jury found Appellant guilty of aggravated sexual battery. The rape of a child charge had been previously dismissed. The trial court sentenced Appellant to twenty years as a Range II, multiple offender to serve 100 percent of his sentence as a child predator.

Appellant appeals both his conviction and sentence.

## ANALYSIS

### Rule 412

Appellant's first argument is that the trial court erred in not granting his motion to offer evidence of the victim's alleged sexual behavior under Rule 412 of the Tennessee Rules of Evidence. The State disagrees.

Rule 412 of the Tennessee Rules of Evidence addresses the issue of evidence of a victim's prior sexual history and the procedure to determine when such information should be allowed into evidence. Appellant's stated purpose for seeking to introduce the contested additional information was "to prove or explain knowledge of sexual matters." *See* Tenn. R. Evid. 412(c)(4)(ii). According to the Advisory Commission Comments, the provision in question:

> [W]ill most frequently be used in cases where the victim is a young child who testifies in detail about sexual activity. To disprove any suggestion that the child acquired the detailed information about sexual matters from the encounter with the accused, the defense may want to prove that the child learned the terminology as the result of sexual activity with third parties.

Tenn. R. Evid. 412(c)(4), Advisory Comm'n Cmts.

At the hearing on the motion, Appellant argued that the information regarding the accusations against the other relative should be admitted to explain the victim's knowledge

of sexual behavior. The trial court asked Appellant to clarify the argument, and he stated that he was trying to use the information to prove that the victim's knowledge of the sexual acts stemmed from the other accusations. The trial court stated that it did not see how the information would be relevant to Appellant's case. The trial court said that after the victim described what happened, he would allow Appellant to cross-examine her if the information was relevant in light of her testimony. The trial court concluded that it would take the matter under advisement until trial. The trial court did not enter a written order denying Appellant's motion. Appellant did not raise the issue at trial. Appellant did raise the issue on the motion for new trial. The trial court denied this motion with regard to this issue stating that Appellant did not follow the proper procedure in notifying the State about its argument regarding Rule 412 and that the information in question was not relevant.

On appeal, Appellant argues that the trial court erred in denying the motion and that the information should have been allowed to explain the source of the victim's sexual knowledge.

At the conclusion of the hearing on the motion for new trial, the trial court stated, "I'll just take this under advisement at this point. If we need to have a jury out hearing at some point in the trial, I'll certainly do that. You know, you may convince me that it's something that's relevant to the defense of [Appellant]. I'll just take this matter under advisement and then we'll take it up during the trial if necessary." We have reviewed the transcript from trial, and Appellant did not raise the issue again. Typically, a defendant's failure to make a contemporaneous objection during trial constitutes a waiver of an issue. Tenn. R. Evid. 103(a)(1); Tenn. R. App. P. 36(a) (stating that "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *State v. Cravens*, 764 S.W.2d 754, 757 (Tenn. 1989).

In the case at hand, Appellant initially raised the issue in a pretrial motion. At the conclusion of the hearing on the motion, the trial court stated that it would take the motion under advisement and that the parties could revisit the issue when they heard the victim's testimony. There was never a final ruling on Appellant's motion regarding this issue because he failed to raise it again during Y.C.'s testimony as instructed by the trial court. Therefore, we conclude that this issue is waived.

Appellant is not entitled to relief on this issue.

**Sufficiency of the Evidence**

Appellant argues that the evidence was insufficient to support his conviction. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Appellant does not argue that the State failed to prove the elements required under the statute. Rather, Appellant argues that the evidence was insufficient because of the following:

> The State's main witness, the alleged victim, quickly recited a very succinct story of an alleged incident the day after Christmas 2010. It was established that the alleged victim had previously made statements in forensic interviews that were conducted that she either did not mention in her testimony, did not

mention in her testimony until the same was brought to her attention on cross examination, or plainly denied in her testimony. Further the above facts were confirmed by Investigator Jason Crouse who was present at the time of the forensic interviews and heard the alleged victim's trial testimony as well. Investigator Crouse then testified that despite his investigation no tangible evidence was found to confirm the story related by the alleged victim.

This argument is an attack on the credibility of a witness and the weight and value to be given to evidence, as well as all factual issues raised by such evidence. As stated above, such issues are in the province of the jury and are resolved by the jury. This Court cannot substitute its judgment for that of the jury for the determination of witness credibility as well as factual issues raised by the evidence.

Therefore, Appellant is not entitled to relief on this issue.

### Sentencing

Appellant argues that the trial court erred in sentencing Appellant to twenty years, which is the maximum range of for a Class B felony as a Range II offender. He maintains that because the offense of aggravated sexual battery requires a 100 percent release eligibility the sentence is too harsh.

We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 705 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, according to *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." 380 S.W.3d at 709.

Appellant had two prior felony convictions that placed him as a Range II offender. In addition, he had two other prior felony convictions and sixteen prior misdemeanor convictions, fifteen of which were Class A misdemeanors. Appellant's criminal history is lengthy and began with his first charges in 1993 and stretched to the incident at hand committed in December 2010. In addition to his prior criminal history, Appellant had

previously failed to comply with a sentence involving release into the community and was actually on pretrial release at the time he committed the offense at hand. The trial court also concluded that Appellant violated a position of private trust because he was the boyfriend of the victim's mother. The trial court used these factors to apply enhancement factors to increase Appellant's sentence above the minimum. The trial court determined that there were no mitigating factors that were applicable to Appellant's sentence.

This Court has reviewed the transcript from the sentencing hearing, and it is clear that the trial court considered the nature and characteristics of the criminal conduct involved, Appellant's history and background, the mitigating and enhancement factors, and the principles of sentencing. The twenty-year sentence imposed by the trial court is within the range for a Range II offender who has been convicted of a Class B felony. We conclude that the sentence "is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709.

Therefore, Appellant is not entitled to relief on this issue.


## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


_____
JERRY L. SMITH, JUDGE